OPINION
PER CURIAM.
George Vasilopoulos appeals pro se from the District Court’s order dismissing his complaint. Because we conclude that this appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).
Vasilopoulos filed an application to proceed in forma pauperis and a complaint[1] against Krovatin Klingman, LLC and Anna Cominsky, an attorney with that law firm (“appellees”). He alleges that appel-lees placed “a notice in the complaint of a different accusation,” stating that Vasilo-poulos was “obsess[ed] with” certain children and that he is gay. Vasilopoulos alleges that appellees’ actions led to his prosecution for child abuse. The sole relief he seeks is monetary damages in the amount of $5,000,000.
The District Court granted Vasilopoulos leave to proceed in forma pauperis, then dismissed his complaint and his first amended complaint without prejudice for lack of subject matter jurisdiction. Reading the complaints broadly in accordance with Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the District Court determined that Vasilopou-los intended to bring a civil action for slander and defamation. The District Court concluded that it lacked subject matter jurisdiction, given that Vasilopoulos alleged no violation of a federal statute, and there was no diversity of citizenship. *709 The District Court also reviewed Vasilo-poulos’ second amended complaint to determine whether he could state a claim pursuant to 42 U.S.C. § 1983, but concluded that Vasilopoulos had failed to state a claim upon which relief could be granted. The District Court later denied Vasilopou-los’ motion for reconsideration.
Vasilopoulos appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We granted Vasilopoulos informa pauper-is status, and we now review this appeal to determine whether it should be dismissed pursuant to § 1915(e)(2)(B).[2] An appeal is frivolous if it “lacks an arguable basis in either law or in fact.” Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
We agree that the initial complaint and the first amended complaint fail to show a basis for subject matter jurisdiction. We also agree that the second amended complaint fails to state a claim for relief under § 1983. To establish a cause of action under section 1983, a litigant must show “the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.” West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Nothing in the second amended complaint would allow an inference that appellees acted under color of state law. See Ashcroft v. Iqbal, — U.S. -, -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Our independent review reveals that there is no arguable basis to challenge the District Court’s ruling on appeal. Accordingly, this appeal will be dismissed.

. Vasilopoulos also filed two separate amended complaints on January 12, 2009 and January 14, 2009, respectively.

. Vasilopoulos did not file an amended notice of appeal and we thus review only the order that dismissed his complaints.